# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ADRIAN FUENTES GARCIA,

    Defendants.

2:09-CR-262 JCM (RJJ)

## ORDER

Presently before the court is the government's motion to dismiss defendant Adrian Fuentes Garcia's 28 U.S.C. § 2255 motion to vacate. Doc. #255. Mr. Fuentes has filed an opposition (doc. #262), to which the government has replied (doc. #264).

Motions to vacate a sentence pursuant to § 2255 are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). The one-year period runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1).

A district court may, however, equitably toll the one-year statutory limit where a petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, – U.S. –, 130 S.Ct. 2549, 2553 (2010) (citation and quotations omitted). The defendant bears a heavy burden in showing that equitable tolling should apply. *Miranda v Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). The Ninth Circuit has explained that courts should apply the equitable tolling doctrine narrowly, "lest the exceptions swallow the rule." *Id*. at 1066.

**James C. Mahan**
**U.S. District Judge**

For example, the Ninth Circuit has explained that "[t]he Supreme Court and the policies behind AEDPA require that equitable tolling be used only to protect diligent petitioners facing extraordinary circumstances that prevent them from timely filing federal habeas petitions" and "[t]he exception for equitable tolling cannot be interpreted so broadly as to displace the statutory limitations that Congress crafted." *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1014 (9th Cir. 2009) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

The court finds that Mr. Fuentes has failed to carry his burden.

Mr. Fuentes was sentenced on August 23, 2010. Doc. 126. The judgment of conviction was entered on August 27, 2010. Doc. 126. Mr. Fuentes failed to appeal this court's sentence within the applicable 14-day period created by Fed. R. App. P. 4(b)(1)(A). Accordingly, this court's judgment became final on September 10, 2010 and Mr. Fuentes's one-year period to file his § 2255 motion began on that day. *See United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001) (explaining that the statute of limitations to file a § 2255 motion begins to run upon the expiration of the time during which a petitioner could have sought review by direct appeal).

Mr. Fuentes filed his motion on February 1, 2012. Doc. #250. The motion was therefore filed 510 days after his conviction became final, and 145 days after the statutory period elapsed. Mr. Fuentes requests that this court equitably toll the period between May 12, 2011, and November 29, 2011, because he claims that he was unable to receive copies of the docket sheet and transcripts until November 29, 2011. To prevail in this request, Mr. Fuentes must establish that his lack of access to documents actually prevented timely filing. *See Allen v. Lewis*, 255 F.3d 798, 801 (9th Cir. 2001) (refusing to toll the statute when defendant "produced no evidence demonstrating that the loss of access to his habeas materials" caused the untimely filing); *Waldron-Ramsey,* 556 F.3d at 1013 (defendant "bears the burden of showing . . . that the hardship caused by lack of access to his materials was an extraordinary circumstance that caused" the late filing, and dismissing because defendant did not meet that burden); *Rosati v. Kernan,* 417 F.Supp. 2d 1128, 1132 (C.D.Cal. 2006) (denying equitable tolling when defendant did not show how lack of access to transcripts prevented him from timely filing petition).

Reviewing Mr. Fuentes's motion, the court recognizes that the claims Mr. Fuentes raises center around ineffective assistance of counsel. The documents Mr. Fuentes claims he needed, however, are not relevant to the types of ineffective assistance allegations Mr. Fuentes raises. For example, a copy of the court docket, or transcripts of the various proceedings, shed no light on whether the attorney failed to: (1) file a notice of appeal despite Mr. Fuentes's request that the attorney do so; (2) consult with Mr. Fuentes on important decisions; (3) prepare Mr. Fuentes for sentencing; or (4) perform an adequate investigation. As such, this court cannot find that the loss of access to the documents Mr. Fuentes cites caused the untimely filing. *See Allen*, 255 F.3d at 801. Mr. Fuentes could have brought his § 2255 motion without these documents. Therefore, equitable tolling is inappropriate.

The cases Mr. Fuentes cites are inapposite. In *Holland v. Florida*, – U.S. –, 130 S. Ct. 2549 (2010), the Supreme Court held that attorney negligence may constitute extraordinary circumstances sufficient to trigger equitable tolling. However, in *Holland*, the defendant's attorney failed to file a habeas petition despite the client's repeated requests that he do so and the client furnishing to the attorney the applicable law regarding filing deadlines. *Id.* at 2563-64. The allegations of ineffective assistance in the instant matter, however, do not relate to the filing of the § 2255 motion, but relate to ineffective assistance during plea negotiations and sentencing. Unlike the attorney in *Holland*, Mr. Fuentes's attorney did not represent Mr. Fuentes during the § 2255 motion, and therefore cannot be responsible for the untimely filing of the § 2255 motion.

Similarly, the facts of *Miles v. Prunty*, 187 F.3d 1104 (9th Cir. 1999) are inapplicable to the facts at hand. In *Miles*, the defendant timely submitted a habeas petition to prison authorities. The prison, however, failed to properly process the petition, resulting in an untimely filing with the court. *Id.* at 1107. The Ninth Circuit held that equitable tolling was appropriate because of the defendant's reliance on the prison authorities. As explained by the Ninth Circuit, the defendant

> . . . depended on prison authorities to draw on his trust account and to prepare a check for the filing fee. He further relied on these same authorities to mail his check and petition to the district court. Once [the defendant] made his request, any delay on the part of prison officials in complying with [the defendant's] instructions was not within [the defendant's] control.

*Id.* Unlike *Miles*, Fuentes did not timely submit a habeas petition, only to have the deadline pass due to the actions of third parties. Rather, Fuentes waited to file his petition until it was nearly seven months late and now cites irrelevant documents as the cause for the delay. Tolling is therefore inappropriate. *See Allen*, 255 F.3d at 801.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the government's motion to dismiss (doc. #255) be, and the same hereby is, GRANTED.

IT IS THEREFORE ORDERED that petitioner's § 2255 motion (doc. #250) be, and the same hereby is, DISMISSED as untimely.

DATED May 17, 2012.

 *James C. Mahan*
 **UNITED STATES DISTRICT JUDGE**